Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2614 | **DATE** | 8/21/2002 |
| **CASE TITLE** | Afsharzadehyadzi vs. Perryman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss plaintiff's complaint is granted. Accordingly, plaintiff's claims against Mr. Perryman are dismissed for lack of subject matter jurisdiction, and her claims against Ms. Carroll are dismissed without prejudice. Any pending motion in this case is terminated as moot. Ruling set for 9/6/02 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 22 2002 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/21/2002 | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

| | |
|---|---|
| AZITA AFSHARZADEHYADZI,<br><br>    Plaintiff,<br><br>v.<br><br>**BRIAN PERRYMAN**, as the District Director of the Immigration and Naturalization Service, and **SARAH CARROLL**, as the Certifying Officer of the U.S. Department of Labor Employment and Training Administration,<br><br>    Defendants. | No.  02 C 2614 |

## MEMORANDUM OPINION AND ORDER

Azita Afsharzadehyazdi files a complaint for mandamus, asking me to compel Brian Perryman, the District Director of the Immigration and Naturalization Service ("INS"),[1] to adjudicate her application for an adjustment of status to that of a legal permanent resident under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* The INS moves to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. I grant the motion.

---

[1] Ms. Afsharzadehyazdi also names Sarah Carroll, the Certifying Officer of the U.S. Department of Labor Employment and Training Administration, in the caption of her complaint, though in the section of her complaint that defines the parties she lists only Mr. Perryman and refers throughout to the singular "Defendant." She seeks no relief from Ms. Carroll or the Labor Department, so I dismiss, without prejudice, the claims against Ms. Carroll.

I.

Ms. Afsharzadehyazdi is a native and citizen of Iran. In November 1996, her mother applied for a Labor Department certification in connection with a visa application. When her mother applied for the certification, Ms. Afsharzadehyazdi, who was born on January 19, 1978, was eighteen years old. The Labor Department delayed the processing of the certification and did not issue it until June 5, 1999. At that point, Ms. Afsharzadehyazdi was twenty-one years old.

On August 17, 1999, Ms. Afsharzadehyazdi filed a form I-140 (Immigrant Petition for Alien Worker) with the INS, which was approved on August 14, 2000. On September 14, 2000, Ms. Afsharzadehyazdi filed a form I-485 (Application To Register Permanent Residence or Adjust Status) to adjust her status to that of a legal permanent resident under § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, based on her mother's status, § 1153(d). On December 20, 2000, the INS issued a work authorization card to Ms. Afsharzadehyazdi. On March 16, 2001, the INS denied Ms. Afsharzadehyazdi's application for adjustment of status because she was more than twenty-one years old and therefore no longer eligible for an adjustment of status based on § 1153(d).

Ms. Afsharzadehyazdi filed this lawsuit on April 11, 2002. She alleges that, but for the delay in processing the labor certification, she would have been able to interview with the INS

for her adjustment of status before she "aged out" by turning twenty-one. She also alleges that she has exhausted any administrative remedies that may exist. She alleges jurisdiction based on 8 U.S.C. § 1329, 28 U.S.C. §§ 1331 and 1361, and 5 U.S.C. § 704.

The INS moves to dismiss for lack of subject matter jurisdiction, arguing that 8 U.S.C. § 1252(g) bars my review of the District Director's decision. In the alternative, it seeks dismissal for failure to state a claim, arguing that Ms. Afsharzadehyazdi cannot establish her entitlement to a writ of mandamus. I grant the motion to dismiss for lack of jurisdiction, but for different reasons than those offered by the INS.

II.

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or for failure to state a claim under Rule 12(b)(6), I must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Although I may not consider materials outside the complaint on a motion to dismiss under Rule 12(b)(6), *Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir. 2001), I may properly consider material outside of the pleadings on a motion to dismiss for lack of subject matter jurisdiction. *See Sapperstein v. Hager*, 188 F.3d 852, 855

(7th Cir. 1999). When subject matter jurisdiction is challenged, "[t]he plaintiff has the obligation to establish jurisdiction by competent proof." *Id.*

### III.

Ms. Afsharzadehyazdi filed for an adjustment of status under § 1255 on the basis of derivative status under § 1153(d). Under § 1153(d), a child (defined in § 1101(b)(1) as "an unmarried person under twenty-one years of age") is "entitled to the same status, and the same order of consideration [of visa petitions provided by statute] . . . , if accompanying or following to join the . . . parent." Under § 1255, she was eligible for an adjustment of status at the discretion of the Attorney General if she (1) made an application, (2) was eligible to receive a visa and admissible as a permanent resident, and if (3) an immigrant visa was immediately available at the time that she filed. Because Ms. Afsharzadehyazdi was over the age of twenty-one when she filed her application for adjustment of status, she had "aged out" of the availability of derivative status under § 1153(d), so her application was denied. *See* INS Ex. 2.

Ms. Afsharzadehyazdi asks me to compel the INS to adjudicate her application, but her application has already been adjudicated and denied. Compl. ¶ 11; *see also Kudina v. I.N.S.*, No. 99 C 6689, 2001 WL 1064789, at *3 (N.D. Ill. Sept. 10, 2001) (Guzman, J.) ("Plaintiffs cannot maintain that their applications were denied

4

but never adjudicated. A denial is an adjudication."). The government argues that I lack jurisdiction because, under the section of the Immigration and Nationality Act providing for judicial review, the INS has exclusive jurisdiction over "the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

There is a more obvious barrier to jurisdiction, however. Another subsection of that provision provides that, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). I clearly lack jurisdiction to review a denial of an adjustment of status under § 1255.[2] *See McBrearty v. Perryman*, 212 F.3d 985, 986 (7th Cir. 2000) (affirming district court's

---

[2] The Supreme Court recently held that the provisions of § 1252 that bar "judicial review" or "jurisdiction to review" do not deprive federal courts of *habeas corpus* jurisdiction under 28 U.S.C. § 2241. *See I.N.S. v. St. Cyr*, 533, U.S. 289, 311-313. (2001) (noting the traditional distinction between "judicial review" and *habeas corpus* in the immigrations context). *See also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding that jurisdictional bar in § 1252(a)(2)(B)(ii) did not bar *habeas* challenge to post-removal-period detention). However, Ms. Afsharzadehyazdi does not seek a writ of *habeas corpus* here, nor is it evident that she is eligible. *See Vargas v. Swan*, 854 F.2d 1028, 1031-33 (discussing the "custody" requirement of § 2241 in immigration context). This decision does not bar her from seeking relief under § 2241 if she becomes eligible.

dismissal of case seeking review of denial of status adjustment under § 1252(a)(2)(B)(i)); *Kudina*, 2001 WL 1064789, at *3; *Holasek v. United States Dept. of Justice*, 123 F. Supp. 2d 1126, 1128-29 (N.D. Ill. 2000) (Darrah, J.) ("[The plaintiffs' application [for] adjustment of status has been denied, and this Court is without jurisdiction to grant any relief."); *Amoakowaa v. Reno*, 94 F. Supp. 2d 903, 905 (N.D. Ill. 2000) (Coar, J.) (same); *Diallo v. Reno*, 61 F. Supp. 2d 1361, 1367 (N.D. Ga. 1999) (same).

One court in this district has found that § 1252(a)(2)(B)(i) did not bar review where the application for adjustment of status had not yet been adjudicated at time the complaint was filed. *See Paunescu v. I.N.S.*, 76 F. Supp. 2d 896, 900 (N.D. Ill. 1999) (Gettleman, J.). The plaintiffs in that case sought mandamus to force an adjudication of their applications, and the court concluded that § 1252(a)(2)(B)(i) did not apply unless there was a denial, but noted that, "[w]ere plaintiffs contending that they had been denied relief, this court likely would not have jurisdiction over their claims." *Id.* Here, Ms. Afsharzadehyazdi's application had already been denied when she filed her complaint. *See* Compl. ¶ 11.

Another court in this district concluded that "[a] 'denial,' based on the INS' failure to adjudicate the application until it is too late to do so meaningfully, is not an 'adjudication.'" *Iddir v. I.N.S.*, 166 F. Supp. 2d 1250, 1256 (N.D. Ill. 2001) (Gottschall,

6

J.). In that case, the plaintiffs had filed a timely application for adjustment of status on the basis of the INS' Diversity Program. Under that program, there are a fixed number of visas available in each fiscal year to immigrants from each foreign nation, and an application for a visa under that program must be processed within the fiscal year for which the visa is sought. In *Iddir*, the INS dragged its feet and did not adjudicate the application until after the close of the fiscal year, and then it denied the application as untimely. *Id.* Here, however, the "delay" that denied Ms. Afsharzadehyazdi a "meaningful" adjudication was not attributable to the INS, but to the Department of Labor, and it occurred before the adjustment application was even filed with the INS. Moreover, there was no question in *Iddir* that there had been a denial, which divested the court of jurisdiction. To say that a *wrongful* or *unfair* denial is not an adjudication conflates the question of jurisdiction with the merits of the claim for review. Wrongful or not, a denial is an adjudication. *See Kudina*, 2001 WL 1064789, at *3.

The more specific jurisdictional limitation in § 1252(a)(2)(B)(i) controls over the more general jurisdictional bases offered by Ms. Afsharzadehyazdi--that section says "[n]otwithstanding any other provision of law"--*see In the Matter of Lifschultz Fast Freight Corp.*, 63 F.3d 621, 628 (7th Cir. 1995) (holding that more specific statutory provisions reflect

7

congressional intent more clearly than general provisions), but even if I were to consider them, they are without merit.

Under 8 U.S.C. § 1329, federal district courts "shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under" the Immigration and Nationality Act. This section is inapplicable because this is not a case brought by the United States. *See Diallo*, 61 F. Supp. 2d at 1366.

Under 28 U.S.C. § 1361, I "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[M]andamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available." *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994). Here Ms. Afsharzadehyazdi has another adequate remedy available: she can wait until the INS institutes removal proceedings against her and raise her claim before an immigration judge. *See Holasek*, 123 F. Supp. 2d at 1129 (citing *McBrearty*, 212 F.3d at 987). Moreover, Ms. Afsharzadehyazdi has not demonstrated that Mr. Perryman has a clear duty to perform. Although the INS has a mandatory duty to adjudicate a petition for an adjustment of status, *see Iddir*, 166 F. Supp. 2d at 1258; *Paunescu*, 76 F. Supp. 2d at 901, Ms. Afsharzadehyazdi has already received an adjudication. The decision whether to award an adjustment of status

8

is discretionary, *see Patel v. I.N.S.*, 738 F.2d 239, 242 (7th Cir. 1984); 8 U.S.C. § 1255; *Diallo*, 61 F. Supp. 2d at 1368, so Ms. Afsharzadehyazdi cannot invoke mandamus jurisdiction to force a favorable disposition of her application.

Under the Administrative Procedures Act, 5 U.S.C. § 704, "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." The District Director's denial of an adjustment of status is not made reviewable by statute and it is not a final action, so the Administrative Procedures Act offers no basis for jurisdiction. *See Holasek*, 123 F. Supp. 2d at 1129; *Diallo*, 61 F. Supp. 2d at 1367.

Ms. Afsharzadehyazdi claims that she was denied due process by the delay in processing the labor certification for her mother's visa. She argues that, in spite of statutory language foreclosing review, I have jurisdiction where "substantial constitutional issues" are implicated. *See Bhatt v. Reno*, 204 F.3d 744, 746-47 (7th Cir. 2000). However, the avenue of judicial review in such cases leads directly to the Court of Appeals. *See id.; Singh v. Reno*, 182 F.3d 504, 508 (7th Cir. 1999) (holding that district court lacked jurisdiction over review of claim barred by 8 U.S.C. § 1252(g), but that "a safety valve remains whereby deportees can seek direct review of substantial constitutional issues in the courts of appeals"). I can grant Ms. Afsharzadehyazdi no relief

here; she must exhaust all of her administrative remedies and then seek review in the Court of Appeals.

IV.

Even if I had jurisdiction to consider her constitutional claim, I would deny it on the merits. Ms. Afsharzadehyazdi claims that, had the Labor Department not delayed so long in issuing her mother's labor certification, she would have been able to apply for an adjustment of status while she was still a "child" for the purposes of the Immigration and Nationality Act. To make out a claim of a denial of due process, Ms. Afsharzadehyazdi must demonstrate that she had a constitutionally protected interest that was deprived without due process. *Brokaw v. Mercer County*, 235 F.3d 1000, 1020 (7th Cir. 2000). However, "alien-plaintiffs have no constitutionally-protected interest in immigrant visas or the procedures by which such visas are obtained." *Amoakowaa*, 94 F. Supp. 2d at 906. *See also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542-44 (1950) (holding that "an alien who seeks admission to this country may not do so under any claim of right," and that "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned"). Because she cannot demonstrate that she had a protected interest in the speedy issuance of her mother's Labor Department certification, she cannot state a claim for a denial of due process based on the two-and-one-half year delay.

10

V.

I GRANT the motion to dismiss. Ms. Afsharzadehyazdi's claims against Mr. Perryman are dismissed for lack of subject matter jurisdiction, and her claims against Ms. Carroll are dismissed without prejudice.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 21, 2002